

March 31, 2021

**VIA ECF**
The Honorable Karoline Mehalchick
United States Magistrate Judge
Middle District of Pennsylvania
William J. Nealon Federal Bldg. & U.S. Courthouse
235 N. Washington Avenue
Scranton, PA 18503

    Re:   *In re Rutter's Inc. Data Security Breach Litigation*,
               Civil Action No. 1:20-cv-00382-JEJ-KM

Dear Chief Magistrate Judge Mehalchick:

We write in response to Your Honor's March 11, 2021 Order requesting that the parties provide a joint summary of any remaining disputes over the scope of pre-class certification discovery. ECF No. 80. Each party's respective position is outlined below:

<u>Plaintiffs' Position</u>

Plaintiffs served their First Set of Requests for the Production of Documents ("Requests") on May 29, 2020. In response, Rutter's informed Plaintiffs that it would be producing a single document—a copy of an April 24, 2020 investigatory report regarding the breach (the "PFI Report")—but otherwise withholding its responses and objections to Plaintiffs' Requests until it could address certain preliminary objections it had to the scope of discovery. Specifically, Rutter's' July 17, 2020 letter to Your Honor objected to four requests for production—Request Nos. 1, 2, 3, and 21. Rutter's argued that it should be allowed to withhold documents responsive to those requests because the requests went beyond the scope of what was required for Plaintiffs to move for class certification. Plaintiffs opposed Rutter's' covert attempt to unnecessarily bifurcate discovery between class and merits phases, arguing that these documents were in fact necessary to class certification because they related to issues, like whether evidence showing that Rutter's rolled-out different security measures depending on the store's geographical location, or that it treated credit and debit cards differently, predominated among class members.

March 31, 2021
Page 2

The Court resolved this dispute concerning the scope of pre-certification discovery on October 22, 2020, granting-in-part and denying-in-part Rutter's' request. ECF No. 66. In this Order, the Court explicitly held that Rutter's was required to produce documents responsive to Request No. 1, including written policies, practices, procedures, manuals, response plans, or protocols, "inasmuch as it differed over time or location." As to Request Nos. 2 and 3, the Court only excluded "information not related to the breach at issue." ECF No. 66 at 11.

Rutter's finally sent its Objections and Responses to Plaintiffs' Requests on December 23, 2020 ("Responses"). Pursuant to Fed. R. Civ. P. 34(b)(2)(B), Rutter's had an obligation to complete its production of documents "no later than the time for inspection in the request or another reasonable time specific in the response." Rutter's did neither: 208 days after receiving Rutter's' Responses, Plaintiffs still had only *one document*—the PFI Report produced on July 1, 2020.

The parties first met-and-conferred about Rutter's' Responses on January 12, 2021, during which Plaintiffs highlighted several deficiencies, including Rutter's' failure to state with specificity a basis for objections, or whether any documents were being withheld. Plaintiffs were also alarmed to learn from the Responses that Rutter's, despite having had the benefit of the Court's ruling for three months, had not yet started to search for electronically stored information ("ESI").

Rutter's made a supplemental production on February 5, 2021 that was extremely limited—only thirty-four (34) documents. Plaintiffs raised this issue during a meet-and-confer on February 16, 2021, expressing concern regarding Rutter's' outstanding production in light of the impending Fed. R. Civ. P. 30(b)(6) deposition that Plaintiffs had noticed seven months earlier, scheduled for February 24, 2021. Rutter's made an additional production of just five (5) documents on February 23, 2021, the day before the Fed. R. Civ. P. 30(b)(6) deposition. This production was also far from complete. Plaintiffs promptly sent Rutter's a detailed deficiency letter on March 8, 2021, after Rutter's' corporate representative, who also served as Vice President of Technology, testified about multiple documents directly related to the Data Breach that were never produced to Plaintiffs. Given these glaring holes in Rutter's' production, Plaintiffs stressed in this the need for a meet-and-confer on the document custodians whose files Rutter's had searched, and the specific search terms used to locate the ESI it had already produced.

The Parties met-and-conferred on March 10, 2021, and agreed, in light of Plaintiffs' deficiency letter, that it would be more efficient to postpone the March 11, 2021 teleconference scheduled by this Court to give Rutter's an opportunity to respond to Plaintiffs' March 8, 2021 letter and supplement or amend its Responses before wasting judicial resources. Counsel for Plaintiffs reached out to Rutter's on March 18, 2021 to

March 31, 2021
Page 3

inquire as to the status of Rutter's' response to Plaintiffs' deficiency letter, as well as its amended Responses to Plaintiffs' Requests. Counsel for Rutter's responded that it would provide a response to the deficiency letter as well as amended responses to the discovery requests by the "end of next week" (i.e., March 26, 2021). When no response arrived, Plaintiffs' counsel again contacted Rutter's by way of email on March 29, 2021 to again inquire about the status of Rutter's' response to Plaintiffs' March 8, 2021 deficiency letter and Rutter's' amended discovery Responses. Hearing nothing, Plaintiffs' counsel again emailed Rutter's' counsel on March 30, 2021 requesting a meet-and-confer to discuss these outstanding items. Late yesterday afternoon, counsel for Rutter's advised that they were available to discuss on March 31, 2021, and that they were "still finalizing the responses with our client. It may be the case that the amended responses resolve many of the items raised in the deficiency letter. We are also preparing responses to the interrogatories and are seeking a two-week extension of time to respond."

The parties met-and-conferred on March 31, 2021. During this call, Rutter's was unable to provide a definitive date by which it intends to serve the supplemental Responses it promised in January but stated that it anticipates providing amended Responses by "early next week." Rutter's also represented that it would provide a proposed list of custodians and search terms contemporaneously with their amended Responses to facilitate the parties' discussions concerning ESI. While the parties agree that they will negotiate the scope of production of ESI relating to the Data Breach itself, the parties remain at an impasse concerning the scope of pre-certification discovery that Plaintiffs are entitled to. Despite the Court's October 22, 2020 Order, Rutter's still maintains—with no basis—that it is not required to conduct searches for or otherwise produce *any* information relating to its data security practices prior to the Data Breach. *See* Order, ECF No. 66 at 11 ("the Court orders that Request No. 1 be narrowed to information inasmuch as it differed over time or location; that Request Nos. 2 and 3 not apply to information not related to the breach at issue").

This has caused discovery to stall. To date, Rutter's has only produced forty (40) documents in response to twenty-three (23) Requests. Although Rutter's proposed several dates on which Plaintiffs can expect a supplemental production of documents, each time it has moved the deadline, failing to produce any additional documents. Further, Rutter's has still failed to correct the deficiencies in its Responses that Plaintiffs identified months ago and specify—as required by the Federal Rules—whether it is withholding documents on the basis of any its objections. This is troubling. Plaintiffs have noticed depositions of two additional Rutter's witnesses on April 13th and 27th in an attempt to advance this litigation. However, given the pace at which Rutter's has been responding to discovery and the outstanding discovery issues, these (as well as the remainder of the schedule leading up to the filing of Plaintiffs' class certification motion) depositions will most likely need to be rescheduled for a later date. Plaintiffs respectfully

March 31, 2021
Page 4

suggest that the Court set a deadline in the near term by which Rutter's shall substantially complete its document production and serve complete responses to Plaintiffs' discovery requests.

<u>Defendant's Position</u>

Defendant generally agrees with the procedural history recounted by Plaintiffs but oppose an arbitrarily set deadline by which it should be required to "substantially complete" because that standard is subject to subjective interpretation and is not completely within Defendant's control. Defendant has already provided substantive responses to Plaintiffs' written discovery requests and aside from a few items specifically requested by Plaintiffs following the Rule 30(b)(6) deposition of Rutter's, that document production has been substantially completed aside from any ESI searches.

Following the February meeting of the parties, Defendant also agreed to provide supplemental objections and written responses to Plaintiffs' written discovery requests, and we expect to provide those supplemental responses later this week. However, the main purpose of the supplemental response is to clarify what has been searched for and produced and what Defendant has not yet searched for due to one or more of its objections. The responsive information for which Defendant has not yet searched falls into two categories (1) ESI relating to historical data security issues, which Defendant believes falls outside the scope of pre-certification discovery as limited by this Court's prior discovery order; and (2) ESI relating to the security incident itself and its aftermath, which Defendant agrees falls within the scope of pre-certification discovery, but which will require further discussion among the parties to develop a search protocol. Until the parties either reach agreement on a search protocol or present any dispute about a search protocol to the Court, it is impossible to estimate the amount of time it will take to search for and produce additional responsive documents.

Defendant has cooperated in the scheduling of all depositions noticed by Plaintiffs to date. Defendant will not object to any reasonable extension of time of the deadline for Plaintiffs to file their class certification motion that may be necessitated by any unforeseen delays in discovery, but at this time, there is still reason to believe discovery may be completed by the current deadline.

\*     \*     \*

As such, the parties respectfully request a teleconference with Your Honor to resolve the outstanding discovery dispute with regard to the scope of ESI related to historical data security issues and to clarify the parameters of Your Honor's prior discovery Order dated October 22, 2020.

March 31, 2021
Page 5

        Respectfully,

        *Benjamin F. Johns*
        Benjamin F. Johns
        Samantha E. Holbrook
        Alex M. Kashurba
        **CHIMICLES SCHWARTZ KRINER**
        **& DONALDSON-SMITH LLP**
        One Haverford Centre
        361 Lancaster Avenue
        Haverford, PA 19041
        Tel: (610) 642-8500

        Christian Levis
        Amanda Fiorilla
        **LOWEY DANNENBERG, P.C.**
        44 South Broadway, Suite 1100
        White Plains, NY 10601
        Tel: (914) 997-0500

        Anthony M. Christina
        **LOWEY DANNENBERG, P.C.**
        One Tower Bridge
        100 Front Street, Suite 520
        West Conshohocken, PA 19428
        Tel: (215) 399-4770

        *Attorneys for Plaintiffs*


        *Paul G. Karlsgodt*
        Paul G. Karlsgodt
        **BAKER & HOSTETLER LLP**
        1801 California Street
        Suite 4400
        Denver, CO 80202
        Tel: (303) 764-4013

        Meghan Rohling Kelly
        Tyson Y. Herrold
        **BAKER & HOSTETLER LLP**
        2929 Arch Street

March 31, 2021
Page 6

        Cira Centre - 12th Floor
        Philadelphia, PA 19104
        Tel: (215) 564-8390

        Carrie Dettmer Slye
        **BAKER & HOSTETLER LLP**
        312 Walnut Street
        Suite 3200
        Cincinnati, Ohio 45202-4074
        Tel: (513) 929-3400

        *Attorneys for Defendant*